UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE HIGBEE COMPANY | CIVIL ACTION |
| VERSUS | NO. 06-2848 |
| GREATER LAKESIDE CORP., CAUSEWAY LLC OF DELAWARE, BROADWALL MANAGEMENT CORP., AND JEFFREY FEIL | SECTION: "C" |

## ORDER AND REASONS

This matter comes before the Court on a motion for judgment on the pleadings filed by the defendants. In their motion, the defendants argue that the fifth, sixth, seventh, ninth and eleventh causes of action of the plaintiff's complaint must be dismissed because the plaintiff,The Higbee Company ("Higbee"), has failed to state a claim. Higbee opposes the motion. After considering the memoranda of counsel, the record and the applicable law. The Court finds that the motion is **PARTIALLY GRANTED AND PARTIALLY DENIED**.

The standard for a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as a motion to dismiss brought under Federal Rule of Civil Procedure 12(b). See, *Great Plains Trust Co. v. Morgan Stanley Dean Whitter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002). Thus, when considering a Rule 12(c) motion, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. See, *Fernandez-Montes v. Allied*

*Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the Rule 12(c) motion should not be granted.  *Id.* at 284-285 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat the motion.  See, *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes*, 987 F.2d at 284)).

      The defendants seek judgment on the pleadings on five of Higbee's causes of action.  Specifically, the defendants assert that Higbee cannot assert claims for its: (1) fifth cause of action, conversion; (2) sixth cause of action, conspiracy; (3) seventh cause of action violation of the Louisiana Unfair Trade Practices Act ("LUTPA"); (4) ninth cause of action, declaratory judgment of entitlement to insurance proceeds; and, (5) eleventh cause of action, sequestration of insurance proceeds.  The defendants argue that Higbee cannot assert causes of action five, six, nine and eleven because it does not have an ownership interest in the insurance proceeds in question.  The defendants attack Higbee's LUTPA claim on the grounds that the statute is inapplicable.

### Fifth Cause of Action - Conversion

      Conversion is an act in derogation of the plaintiff's possessory rights or any wrongful exercise or assumption of authority over another's goods, depriving him of permanent or indefinite possession.  *Bernofsky v. Tulane University Medical School*, 962 F.Supp. 895, 906 (E.D.La. 1997) (citing *Chrysler Credit Corp. v. Whitney Nat'l Bank*, 51 F.3d 553 (5th Cir. 1995)).  It is the commission of a wrongful act of dominion over the property of another in denial of or inconsistent with the owner's rights.  *Id.* (citing *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1 (5th

Cir. 1992)).  In order to prevail on a claim of conversion under Louisiana law, the plaintiff must prove that (1) he owned or had the right to posses; (2) the defendant's use was inconsistent with the plaintiff's right of ownership; and (3) the defendant's use constituted a wrongful taking.  See, *Id.* (citing, *Chrysler Credit Corp. v. Whitney Nat'l Bank*, 798 F. Supp. 1234 (E.D.La. 1992)).

Here, Higbee's fifth cause of action states that Article XV, § 4 of its lease with Causeway provides that it is entitled to receive the insurance proceeds and that the defendants' failure to deliver those proceeds constitutes an act of conversion.  See, Complaint, ¶ 105 and 107.  The relevant lease provisions are included in Higbee's complaint and therefore can be considered with this motion for judgment on the pleadings.  Those lease provisions outline Causeway's obligation to provide insurance for the building and the parties' respective rights and obligations regarding any insurance proceeds.  The lease provides:

> Article VI, § 3. <u>Insurance</u>.  [Causeway] shall throughout the entire lease and extensions thereof, keep the said improvements insured against loss or damage by fire, and extended coverage including windstorm and all such other perils as are covered by the so called "Extended Coverage Endorsement", for not less than eighty (80%) per cent of the full insurable value of the leased premises. . .
>
> Article XV, § 4. In the event of a total or partial destruction of the building on the leased premises and [Causeway] is required or elects to rebuild, all proceeds of fire and extended coverage insurance, except proceeds of insurance covering improvements, fixtures or other property installed or owned by [Higbee], shall be applied to the cost of repairing and rebuilding, and any additional cost or expense shall be paid by [Causeway] and any overplus shall belong to [Causeway].  In the event [Causeway] is not required to rebuild and elects not to do so, all proceeds of fire and extended insurance shall become the absolute property of [Causeway], except proceeds of insurance covering improvements, fixtures or other property installed or owned by [Higbee], which proceeds of insurance shall become the property of [Higbee].

See, Complaint, ¶ 15 and 16.

Article XV, § 4 of the lease outlines the rights and obligations of the parties regarding insurance proceeds. This paragraph requires Causeway to apply the insurance proceeds to the cost of repairing and rebuilding in the event that it decides or is required to rebuild. Causeway is also required to pay any additional repair and rebuilding costs over the amount of the insurance proceeds. However, Causeway is the owner of any "overplus" and, in the event that Causeway does not rebuild, all proceeds are its "absolute property." Thus, Article XV, § 4 of the lease demonstrates that Higbee does not have an ownership interest in the insurance proceeds. The lease provision does not require Causeway to turn the proceeds over to Higbee, only that Causeway use the insurance proceeds to repair the damage. Furthermore, Higbee does not allege that it is a loss payee or additional insured under the defendants' insurance policies.

An interpretation of the lease provisions shows that Higbee has not successfully alleged that the lease grants it ownership rights or possessory rights to the insurance proceeds. As a result it cannot ground its claim for conversion on the lease.[1]

## Sixth Cause of Action - Conspiracy

Under Louisiana law, a conspiracy is a plan by two ore more people to accomplish some unlawful purpose. *Hall v. Lilly*, 697 S.2d 676, 678, 29,624 (La. App. 2 Cir. 6/18/97) (internal citations omitted). The actionable element of the conspiracy is not the conspiracy itself, but rather the tortious purpose to which the conspirators agreed to perpetrate and actually committed.

---

[1] The Court recognizes that Higbee alleges that Mr. Fiel, indicated that he would give Higbee the proceeds of his settlement of the claim with his insurer. See, Complaint, ¶ 36. However, Higbee does not allege that any action was taken to memorialize this promise, nor does it ground its cause of action for conversion on this alleged promise. Because Higbee has not shown any other ownership rights to the insurance proceeds, the Court concludes that this allegation is insufficient to establish ownership sufficient to support a claim for conversion.

*Id*. at 679.

Higbee claims that the defendants conspired to commit conversion and violate the LUTPA.  As stated above, Higbee's claim for conversion must fail. Therefore, Higbee's conspiracy allegations as to conversion must fail for the same reasons as those pertaining to the underlying claim.  However, Higbee's conspiracy allegations regarding its LUTPA claim can go forward.[2]

### Seventh Cause of Action - Violations of the Louisiana Unfair Trade Practice Act

Under the LUTPA, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful."  LA. REV. STAT. ANN. § 51:1409.  Parties who are harmed by another party's unfair or deceptive practice may bring suit to recover actual damages.  *Id.*  Although the text of section 1409 suggest that "*any person* who suffers any ascertainable loss" may bring suit, the Fifth Circuit has limited relief to personal consumers or business competitors.  See, *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220, 226 (5th Cir. 1991).  As noted in *5-Star Finance, Inc. v. Wood*, 2000 WL 1532896 (E.D.La.) (J. Berrigan), reconsideration of the Fifth Circuit's opinion may be in order, especially in light of the expansive language offered by the Louisiana Court of Appeals in *Capitol House Preservation Co., L.L.C v. Perryman Consultants, Inc.,* 725 So.2d 523, 530, 1998-1514 (La. App. 1 Cir. 12/10/1998).  However, this Court also held that because the Fifth Circuit precedent stands, it is prevented from entertaining Plaintiff's claims under the statute.

Higbee asserts that it is a business competitor of the defendants.  To qualify as a business competitor under the LUTPA the plaintiff must actually or potentially engage in business that

---

[2] See below for an explanation of why the LUTPA claims can proceed.

competes directly or indirectly with the defendant. *Traina v. Nationsbank of TX*, 2001 WL 104773 (E.D.La.) (J. Vance) (citing *Sears Roebuck & Co. v. Danny Williams Plumbing, Inc.*, 1999 WL 280439, *3 (E.D.La.)). Higbee argues that it is a business competitor of the defendants because they compete for the dollars spent by retail shoppers. Higbee reasons that, because the defendants collect rent from it and their other tenants based on percentage sales, if shoppers spend money at non-Higbee stores in buildings that are leased out by the defendants, then the defendants are earning this rent money from stores that compete with Higbee's stores for retail sales. Alternatively, Higbee argues that it competes with the defendants, because they both lease retail property. To advance this theory of competition, Higbee alleges that it leases space to Goodyear and that the defendants have been trying to "recapture" that space.

In its complaint, Higbee alleges that the defendants violated LUPTA by disallowing Higbee to participate in the insurance adjustment process, insisting that Higbee use its own insurance money to pay the defendants' obligations, and refusing to provide copies of their insurance policies. See, Complaint, ¶ 116. These claims involve the parties landlord/ tenant relationship, which is not a business competitor relationship. However, Higbee also alleges that the defendants tried to tie the repairs of storm damage to other non-contractual issues. See, Complaint, ¶ 117. In paragraph 44 of the complaint, Higbee includes the defendants' alleged attempts to "recapture" certain leasehold interests as some of the claims that the defendants allegedly tried to lump together with storm related issues. These claims go to the alleged business competitors relationship between the parties in the field of leasing retail property. Thus, it may be possible for the plaintiffs to prove claim under LUPTA, and judgment on the pleadings is not appropriate.

**Ninth Cause of Action - Declaratory Judgment on Entitlement to Insurance Proceeds**

As stated above, Article XV, § 4 of the lease does not entitle Higbee to the receipt of insurance proceeds. Therefore, this claim necessarily fails.

**Eleventh Cause of Action - Sequestration of Insurance Proceeds**

The Court has already addressed this issue in its order and reasons denying Higbee's motion for sequestration. Thus, the issue of judgment on the pleadings is moot.

Accordingly,

IT IS ORDERED that the defendants' motion for judgment on the pleadings is hereby **PARTIALLY GRANTED** as to Higbee's fifth, sixth, ninth and eleventh causes of action AND **PARTIALLY DENIED** as to Higbee's sixth and seventh causes of action.

New Orleans, Louisiana this 22nd day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT