UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE HIGBEE COMPANY | CIVIL ACTION |
| VERSUS | NO. 06-2848 |
| GREATER LAKESIDE CORP.,<br>CAUSEWAY LLC OF DELAWARE,<br>BROADWELL MANAGEMENT CORP.,<br>AND JEFFREY FIEL | SECTION: "C"(3) |

### ORDER AND REASONS[1]

Before the Court is a Motion for Partial Summary Judgment filed by the defendants, Greater Lakeside Corporation ("Greater Lakeside") and Causeway LLC of Delaware ("Causeway," collectively, "defendants") (Rec. Doc. 108). In the motion, the defendants ask for summary judgment dismissing the plaintiff's eighth cause of action. The plaintiff, The Higbee Company ("Higbee") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the defendants' motion is **GRANTED.** However, the defendants' request for attorneys fees and costs associated with this motion is **DENIED**.

---

[1] Elizabeth A. Chickering, a third year student at Tulane Law School, assisted in the research and preparation of this decision.

**I. BACKGROUND FACTS**

On April 30, 1957, Higbee predecessor in interest entered an agreement for a lease for the construction and operation of a D.H. Holmes Department Store at Lakeside Mall ("Lakeside") with the predecessor in interest of Causeway.[2]  A final lease was entered into between the parties on October 11, 1957.  The lease, which commenced on April 1, 1959 had a term of 25 years and 6 months, but could be extended through December 31, 2030.  At the present time, there is a Dillard's department store in the leased premises.  This lease has a clause which provides that if the leased premises is damaged by windstorm or any other casualty, but is not untenantable, that Causeway must repair the premises as rapidly as reasonably possible and abate Higbee's minimum rents while the damage is being repaired.[3]

Then on August 29, 2005 Hurricane Katrina made landfall in Southeast Louisiana.  The storm caused substantial damage to the leased premises.  The roof, coping and rooftop air handlers were damaged.  There was also damage to the mechanical and electrical systems, acoustical and drywall ceilings and coves, interior wall and floor coverings and perimeter fixtures and water infiltration.   Furthermore, a portion of the store was allegedly littered with asbestos.

After the storm, Causeway hired Emergency Insurance Restoration Services, Inc. ("EIRS") to clean-up and/or repair some of its properties, including the Dillard's store, in

---

[2] For simplicity, "Higbee" or "Causeway" will be used whenever it would be appropriate to refer to Higbee's or Causeway's predecessor in interest.

[3] Higbee's pays a monthly minimum rent for the leased premises.  However, these minimum rents are credited toward Higbee's annual percentage rents, which is based on its annual net sales.

accordance with the lessor's obligation under Article 15 of the lease.  Higbee also contracted separately with EIRS to clean the restaurant portion of the Dillard's store.  Dillard's alleges that after paying EIRS $15,613.28 in full satisfaction of the separate restaurant clean-up, Dillards received a bill from EIRS for $748,820.88 for work allegedly performed on the leased premises.

On December 8, 2006, EIRS, defendants, and certain other entities entered into a Settlement Agreement and Release ("EIRS Release" or "Release"), where EIRS agreed to accept $2,550,000 in settlement of all its claims against defendants, including claims for the work done at the Dillard's store.[4]

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

---

[4]The EIRS release states in paragraph 3:
> As further consideration for the Settlement Funds, EIRS, together with all of its parents, subsidiaries, affiliates, members, owners, officers, owners, employees, agents, servants, insurers and assigns (including, but not limited to, Emergency Environmental Drying Services, LLC), hereby releases, acquits and forever discharges The Higbee Company and Dillard Department Stores, Inc., along with all of their respective agents, employees, servants, insureds, insurers, assigns and owners, and all other persons or entitles of and from any and all claims and demands, actions and causes of action, damages, costs, loss of service, penalties, expenses, court costs, attorneys fees and compensation of any kind or nature whatsoever, on account of, or resulting in any way from, any work performed or any equipment and/or materials provided by EIRS at or for the Dillard's Department Store located at the Lakeside Shopping Center, in Metairie, Louisiana.  EIRS shall notify The Higbee Company and Dillard Department Stores, Inc. in writing within five (5) business days of the execution of this Settlement Agreement and Release that it is permanently withdrawing all claims against them, with a copy of that writing to be delivered to Broadwell at The Feil Organization . . ."

See, Rec.Doc. 108.

Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); see also *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### III. ANALYSIS

A declaratory judgment action is ripe for adjudication only when an "actual controversy" exists.  *See* 28 U.S.C. § 2201(a).  As a general rule, an actual controversy exists where a "substantial controversy of sufficient immediacy and reality [exists] between parties having

4

adverse legal interests." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (quoting *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)). Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis. *Id.*

Defendants argue that there is no "actual controversy" in existence as required by the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), to support Higbee's Eighth Cause of Action regarding defendants' contractual liability under the lease for the $748,820.88 EIRS invoice because EIRS has allegedly been paid for the work at the Dillard's Store.

In response, Higbee argues that it has received no notice or evidence that defendants' have actually paid EIRS the $2,550,000 consideration for the release of all EIRS's claims. Additionally, Higbee claims that it was not notified of the withdrawal of claims by EIRS within the five days provided in the EIRS Release, *see* footnote 3, *supra*, nor has it allegedly received any such notice to date.

The Court agrees with the defendants, that there is no actual controversy to support Higbee's Eighth Cause of Action. The defendants have presented evidence which shows that $2,550,000 was paid to EIRS in consideration for the release of its claims against defendants and Higbee. Most importantly, they have provided the signed and dated release form. See, Rec. Doc. 108. Also, Defendant Jeffrey Feil stated in his deposition that he got a release for Higbee and Higbee's counsel acknowledged this fact. See, Rec. Doc. 125. Furthermore, the defendants have shown that Higbee's counsel would be willing to dismiss the eighth cause of action if the

defendants would enter certain stipulations regarding the admissibility of evidence.[5]  Thus, it is clear that Higbee and its counsel recognize that the release is valid.

Furthermore, the Court finds that Higbee's alleged lack of the notification that was required by the EIRS Release is not material.  The notification provision does not appear to affect the validity of the release.  Therefore, the fact that Higbee may not have received the notification, does not make an otherwise valid release void.

**IV. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that the defendants' Motion for Partial Summary Judgment is **GRANTED.**[6]

IT IS FURTHER ORDERED that the defendants' request for attorneys fees and costs associated with this motion is **DENIED**.

New Orleans, Louisiana this 19th day of April, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[5] The Court will determine the admissibility of any evidence related to Higbee's Eighth Cause of Action at the appropriate time in accordance with the Federal Rules of Evidence.  The Court will not make any evidentiary rulings at this time.

[6] However, the Court notes that dismissing Higbee's Eighth Cause of Action would prejudice Higbee if the EIRS Release is later deemed invalid.  Thus, Higbee can seek leave to amend its petition to reassert this cause of action if and when the EIRS Release is invalidated.  However, the Court finds that dismissing the Eighth Cause of Action without prejudice is appropriate at this time.