UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE HIGBEE COMPANY                                CIVIL ACTION

VERSUS                                            NO. 06-2848

GREATER LAKESIDE CORP.,                           SECTION: "C" (3)
CAUSEWAY LLC OF DELAWARE,
BROADWALL MANAGEMENT CORP.,
AND JEFFREY FEIL

## ORDER AND REASONS

This matter comes before the Court on The Higbee Company's ("Higbee") Motion for Review of the Magistrate Judge's March 30, 2007 order granting in part and denying in part its motion to compel.  Higbee seeks to have this Court issue an order compelling the defendants to provide full and complete responses to question two (2) of its first set or interrogatories, numbers three (3) and four (4) of its first set of requests for production of documents and numbers one through five (1-5) of its second set of requests for production of documents.  Essentially, Higbee wants this Court to order the defendants to more fully answer the interrogatories and produce the documents concerning the damages to the Lakeside Mall and its other tenants, the insurance proceeds paid for damage to the mall or any of its tenants and the allocation of those

insurance proceeds. Higbee argues that Magistrate Knowles incorrectly denied its Motion to Compel and erred by reading this Court's January 22, 2007 orders (Rec. Docs. 86 and 87) too broadly. The defendants oppose this motion, arguing that the issues on which Higbee seeks discovery are no longer relevant to the case.

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." FED. R. CIV. PRO. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing, *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy,* 2000 WL 1036221, *2 (E.D.La. 2000).

This issue raised here is whether the Magistrate Judge was in clear error to find that information and documentation concerning the damage to the mall and its tenants, the insurance proceeds for such damage and the allocation of those insurance proceeds is not discoverable because it is not reasonably related to an issue remaining in the case.

2

Higbee argues that the Magistrate Judge's characterization of the Court's January 22, 2007 orders was too broad. It supports a much narrower reading of these orders. Specifically, Higbee argues that the information and documents it seeks are relevant to the issue of whether the defendants breached a duty of good faith and fair dealing. Furthermore, Higbee argues that this discovery would support its claim that the defendants used the insurance adjustment process to get a competitive advantage in violation of the Louisiana Unfair Trade Practices Act ("LUTPA").

The defendants disagree.[1] They contend that the Magistrate Judge's ruling was not clearly erroneous in any respect. They assert that the Magistrate Judge correctly interpreted this Court's January 22, 2007 orders. The defendants argue that Higbee is trying to avoid the implications of those orders. The defendants contend that the discovery that Higbee seeks is not related to issues in this case.

First, the defendants claim that Higbee distorts Paragraph 84 of the Complaint, which says that:

> Upon information and belief, Causeway, LLC failed to maintain the
> appropriate amount of insurance coverage as required under the Lease
> and has attempted to manipulate the insurance allocation due [Higbee]

---

[1] The defendants argue in a footnote that this motion is untimely. However, the Court finds that it is not. Under Federal Rule of Civil Procedure 72(a), a party has 10 days to seek review of a Magistrate Judge's order. Federal Rule of Civil Procedure 6(a) provides that weekends are not included in the computation of time periods that are less than 11 days. The Magistrate's order was signed on March 30, 3007 and this motion was filed on April 13, 2007. Thus, it is timely.

3

under the Lease.

According to the defendants, this paragraph should not be read as alleged manipulation of the allocation of the insurance proceeds because neither the insurance proceeds nor allocation of the proceeds is due to Higbee under the lease.  Furthermore, the defendants argue that the Court's January 22, 2007 orders limited Higbee's LUTPA and conspiracy claims to non-insurance related issues, rendering the requested discovery irrelevant.

The Court finds that the Magistrate Judge did clearly err in his interpretation of this Court's January 22, 2006 orders.  Specifically, the Magistrate Judge erred by concluding that this Court dismissed **all** of Higbee's claims regarding the insurance proceeds and the insurance claims adjustment process.  In the referenced January 22, 2007 orders, the Court dismissed Higbee's claims for conversion, declaratory judgment on entitlement to the insurance proceeds and sequestration, and also limited Higbee's LUTPA and conspiracy claims.  However, the Court did not address Higbee's breach of contract claims.  As noted by Higbee, in paragraph 84 of its complaint, Higbee asserts that the defendants attempted to manipulate the insurance allocation due to it under the lease.  The lease requires the defendants to insure at least eighty per cent (80%) of the full insurable value of the leased premises.  It also provides that, under certain circumstances, Higbee can force the defendants to use the insurance proceeds to fix the

leased premises.  Reading these portions of the lease together reveals that the defendant's interpretation of Paragraph 84 of Higbee's Complaint is incorrect. Although the Court did find that Higbee does not have an ownership interest in the insurance proceeds, it did find that Higbee may have a contractual right to require the defendants to use the insurance proceeds attributable to its leased premises to repair the leased premises. Rec. Doc. 87.

The defendants have an omnibus insurance policy that covers many of its properties instead of one policy specifically for Higbee's leased premises.  Also, the defendants entered into a global insurance settlement with their insurers. Higbee has a right to discover if the proper amount of insurance proceeds were allocated to its leased premises in the overall insurance settlement. To make this determination, Higbee must have information about the damage to the other properties covered by the omnibus insurance policy and the allocation of any insurance proceeds received by the defendants. The defendants must provide more complete responses to question two (2) of Higbee's first set or interrogatories, numbers three (3) and four (4) of its first set of requests for production of documents and numbers one through five (1-5) of its second set of requests for production of documents.  However, question two (2) of Higbee's first set or interrogatories also requests information that is not relevant to an issue that remains in the case.  Specifically, the defendants do not have to identify the current

holder of any insurance proceeds, any banking institutions and accounts into which the payments have been deposited, or the amount of any deductible withheld.[2]

Accordingly,

IT IS ORDERED that Higbee's Motion for Review of Magistrate's Order is hereby **GRANTED**.

New Orleans, Louisiana this 4th day of May, 2007.

```
                              _____
                              HELEN G. BERRIGAN
                              UNITED STATES DISTRICT JUDGE
```

---

[2] The Court recognizes that Higbee also claims that the sought after discovery is relevant to its LUTPA and conspiracy claims. The Court declines to comment on that issue, because this motion can be resolved by relying on the breach of contract claim. Record Document 86 limits Higbee's LUTPA claims to those issues which pertain to the field of leasing retail property. That order specifically states that the defendants' failure to allow Higbee to participate in the insurance adjustment process goes to their landlord/tenant relationship, rather than a business competitors relationship. However, the defendants' alleged manipulation of the allocation of the insurance proceeds to gain an advantage in the field of leasing retail property may be unfair competition that is actionable under LUTPA, but that determination is beyond the scope of this motion.